```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF TEXAS
                     HOUSTON DIVISION

BANK OF AMERICA, N.A.,            §
                                  §
     Plaintiff,                   §
                                  §
v.                                §    CIVIL ACTION NO. H-12-313
                                  §
FULCRUM ENTERPRISES, LLC,         §
                                  §
     Defendant.                   §
```

**MEMORANDUM AND RECOMMENDATION**

Pending before the court[1] is Plaintiff's Motion to Enter Judgment and for Attorneys' Fees and Costs (Doc. 57). The court has considered the motion, the response, all other relevant filings, and the applicable law. For the reasons set forth below, the court **RECOMMENDS** that the motion be **GRANTED**.

## I. Case Background

Bank of America, N.A., ("BANA") filed this action against Fulcrum Enterprises, LLC, ("Fulcrum") pursuant to the Texas Uniform Fraudulent Transfer Act ("TUFTA") on February 1, 2012.[2] Specifically, BANA alleged violations of Tex. Bus. & Com. Code §§ ("Sections") 24.005(a)(1) and 24.006(a).[3]

BANA moved for summary judgment on November 21, 2013, and, on April 21, 2014, the court issued a memorandum and recommendation

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. Doc. 4.

[2] Tex. Bus. & Com. Code §§ 24.001-24.013.

[3] Doc. 1, BANA's Orig. Compl.; Doc. 6, BANA's 1st Am. Compl.

recommending that BANA's motion be granted.[4]  The court found that BANA was a creditor of Nancy Groves ("Groves") by virtue of an agreed judgment in an underlying proceeding ordering Groves to pay BANA $500,000 plus interest accruing at the rate of five percent per annum beginning on October 9, 2013.[5]  The court further found that BANA had established as a matter of law that Groves had fraudulently transferred eight properties to Fulcrum in violation of Section 24.005(a)(1).[6]  The valuation of the properties at approximately $533,000 by the Harris County Appraisal District was undisputed by the parties.[7]  The memorandum and recommendation was adopted on May 19, 2014.[8]

BANA filed a motion to enter judgment and for attorneys' fees and costs on May 30, 2014, to which Fulcrum responded on June 19, 2014.[9]

## II. Analysis

---

[4] See Doc. 31, BANA's Mot. for Summ. J.; Doc. 39, Fulcrum's Resp. to BANA's Mot. for Summ. J.; Doc. 45, BANA's Reply in Supp. of Mot. for Summ. J.; Doc. 50, Mem. & Recommendation Dated Apr. 21, 2014.

[5] See Doc. 50, Mem. & Recommendation Dated Apr. 21, 2014 pp. 16-17.

[6] See id. pp. 2, 22.

[7] See Doc. 31-19, Ex. 15 to BANA's Mot. for Summ. J., Harris Cnty. Appraisal Dist. Docs.

[8] See Doc. 55, Order Dated May 19, 2014.

[9] See Doc. 57, BANA's Mot. to Enter J.; Doc. 58, Fulcrum's Resp. to BANA's Mot. to Enter J.  In its response, Fulcrum states only that it "opposes the relief requested . . . based on the arguments and evidence previously presented by Fulcrum in its amended motion to dismiss; summary judgment motion, response, and reply; response to [BANA's] motion to strike Fulcrum's expert; and objections to the magistrate judge's memorandum and recommendation." Doc. 58, Fulcrum's Resp. to BANA's Mot. to Enter J.

BANA proposes that the court enter a final judgment awarding BANA a judgment against Fulcrum for $500,000, plus interest accruing at the rate of five percent per annum beginning on October 9, 2013; ordering that the U.S. Marshal attach and sell the eight properties at a public auction under the authority of the court, with the proceeds of the sale to be applied to said judgment; enjoining Fulcrum from selling, assigning, transferring, encumbering, or dissipating any interest it may have in the properties; and awarding attorneys' fees and costs stipulated as reasonable by the parties.

The court finds that BANA is entitled to the relief it seeks. The TUFTA established a cause of action whereby creditors may set aside fraudulent transfers by debtors. <u>Jackson Law Office, P.C. v. Champpell</u>, 37 S.W.3d 15, 25 (Tex. App.-Tyler 2000, pet. denied). Section 24.008, titled "Remedies of Creditors," provides that a prevailing creditor may obtain:

> (1) avoidance of the transfer or obligation to the extent necessary to satisfy the creditor's claim; (2) an attachment or other provisional remedy against the asset transferred or other property of the transferee . . .; or (3) subject to applicable principles of equity and in accordance with applicable rules of civil procedure: (A) an injunction against further disposition by the debotr or a transferee, or both, of the asset transferred or of other property; (B) appointment of a receiver to take charge of the asset transferred or other property of the transferee; or (C) any other relief the circumstances may require.

Tex. Bus. & Com. Code Ann. § 24.008.

Section 29.009, titled "Defenses, Liability, and Protection of

Transferee," provides, in part, that "[e]xcept as otherwise provided in this section, to the extent a transfer is voidable in an action by a creditor under Section 24.008(a)(1) of this code, the creditor may recover judgment for the value of the asset transferred, as adjusted under Subsection (c) of this section, or the amount necessary to satisfy the creditor's claim, whichever is less." Id. § 24.009(b). The judgment may be rendered against the first transferee, the person for whose benefit the transfer was made, or any subsequent transferee other than a good faith transferee who takes for value or from any subsequent transferee. Id. As established in the court's previous memorandum and recommendation, Fulcrum was the first transferee of the properties.[10]

The TUFTA also provides that a court may "award costs and reasonable attorneys' fees as are equitable and just." Id. § 24.013; see also, Akin Gump Strauss Hauer & Feld, LLP v. Nat'l Dev. & Research Corp., 299 S.W.3d 106, 120 (Tex. 2009) (holding that, under Texas law, recovery of attorneys' fees from an adverse party is allowed when permitted by statute or contract). Parties are "free to stipulate to the amount and reasonableness of attorneys' fees." Left Gate Prop. Holdings, Inc. v. Scott, No. 01-10-00334-CV, 2011 WL 1326237, at *8, *10 (Tex. App.-Houston [1st Dist.] Apr. 7, 2011, pet denied). Here, the parties stipulated as

---

[10] See Doc. 50, Mem. & Recommendation Dated Apr. 21, 2014 p. 2.

to the reasonableness of attorneys' fees and costs in the amount of $39,252.50 through entry of final judgment.[11]

The court finds that the relief sought by BANA in its proposed judgment is provided for by the TUFTA and, accordingly, recommends that its motion be granted.

## IV. Conclusion

Based on the foregoing, the court **RECOMMENDS** that BANA's motion to enter judgment and for attorneys' fees and costs be **GRANTED**.

Should the court's recommendations be adopted, BANA must submit a proposed judgment. The Clerk shall send copies of this Memorandum, Recommendation, and Order to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Rule 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

---

[11] See Doc. 57-2, Ex. 2 to BANA's Mot. to Enter J., Stipulation as to Reasonableness of Attorneys' Fees & Costs. The parties also stipulated as to reasonable attorneys' fees and costs in the event of appeal, which are correctly reflected in BANA's proposed judgment.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this <u>30th</u> day of June, 2014.

_____
U.S. MAGISTRATE JUDGE